UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **BOBBY FOX**<br>    **LA. DOC # 463211** | **CIVIL ACTION NO. 2:12-cv-3161** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE TRIMBLE** |
| **TERRY TERRELL, ET AL** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Bobby Fox, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on December 26, 2012.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC).  He is incarcerated at the Allen Correctional Center (ACC), Kinder, Louisiana.  Plaintiff sues ACC Warden Terry Terrell; LDOC Secretary James Leblanc; ACC Records Analyst Pricilla Pitre; and, unknown defendants.  Plaintiff asks to have his release date re-calculated as he seeks credit for time that he spent in an Arkansas jail.  He also seeks compensation for any time spent in prison past his "correct" release date; for mental anguish; lost wages; and, for costs to be assessed against the defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Background*

Plaintiff alleges that defendants, via denials issued through ACC's administrative remedy procedure, have refused to credit him with time served in custody in Arkansas. More

specifically, plaintiff's complaint and the documents that he submitted therewith show that he pled guilty on August 28, 2003, in the Sixth District Court, Pulanski, Arkansas, to several drug related charges. Doc. 1, att. 1, pp. 14-17. He was sentenced to 120 months incarceration. The Arkansas judgment and commitment order states that his sentence is to run concurrent "with time serving in Louisiana." Doc. 1, att. 1, p. 17.

Plaintiff was paroled from his Louisiana incarceration on May 9, 2009. Doc. 1, att. 1, p. 1. On May 24, 2010, the LDOC issued a warrant for plaintiff's arrest based on a violation of his parole. Doc. 1, att. 1, p. 1. Plaintiff states that he was arrested in Arkansas on January 6, 2011, pursuant to the Louisiana warrant. He was held in the Pulaski County jail from January 6, 2011 through February 24, 2012, at which time he was transported to Louisiana. Doc. 1, p. 5.

On or about September 1, 2012, plaintiff filed a grievance seeking credit for time served in Arkansas. The first step response, dated October 19, 2012, noted that defendant Pitre reviewed plaintiff's request. The response stated that plaintiff's parole was revoked because of a new felony conviction that he received in Arkansas. Doc. 1, att. 1, p. 18. In denying plaintiff's request, the response cited to La.C.Cr.P. Art. 880, and noted that plaintiff was not entitled to any credit to time that was used to satisfy his sentence in Arkansas.

Plaintiff's second step grievance was filed on or about November 2, 2012, and denied in a response dated November 21, 2012. The denial noted that plaintiff would be entitled to credit for time served in Arkansas only if he was held out-of-state solely on the Louisiana warrant and/or charge. The response further stated that credit would not be applied if he was in custody on another charge or for the State of Arkansas. Doc. 1-1, p. 19.

*Law and Analysis*

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. See, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025

-3-

(5th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997).  A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

*Heck v. Humphrey Considerations:*

Plaintiff is seeking monetary compensation in regard to his claims.

The United States Supreme Court held that, in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas."  *Heck v. Humphrey*, 512 U.S. 477, 486-487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).  *Heck,* which involved a civil rights claim brought by a state prisoner, is also applicable to claims for injunctive relief that imply the invalidity of the conviction.  *Kutzner v. Montgomery County*, 303 F.3d 339, 340-41 (5th Cir.2002).  Further, the *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good time credits.  *See Edwards v. Balisok*, 520 U.S. 641, 646-648, 117 S. Ct. 1584, 137 L.Ed.2d 906 (1997)(deciding that a § 1983 civil rights

action which claims necessarily imply the invalidity of a disciplinary action is not cognizable unless the disciplinary action has been reversed, expunged or otherwise invalidated).

As previously stated, plaintiff seeks monetary compensation for each day that he is wrongfully imprisoned following his "correct" release date. If the court were to grant plaintiff the damages he seeks, such ruling would necessarily implicate the validity of the challenged administrative findings in this case. Accordingly, under *Heck*, plaintiff must demonstrate that his sentence has been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. Plaintiff has failed to make such a showing. Consequently, his claim for monetary damages is "legally frivolous" within the meaning of 28 U.S.C. §1915. *See Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir.1996).

*Habeas Corpus Considerations:*

*Habeas Corpus* provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). In the present case, plaintiff seeks credit for time-served in Arkansas. Since the granting of this credit would result in the plaintiff receiving an accelerated release from incarceration, he must pursue any such request through a petition for *habeas corpus* relief.

In order for this court to construe this civil action as a petition for habeas relief, the plaintiff is required to have exhausted his available state remedies. *See Preiser*, 411 U.S. at 477. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). In Louisiana, the highest court is the

-5-

Louisiana Supreme Court, therefore, in order to satisfy the statutory and jurisprudential requirement of exhaustion, a *habeas corpus* petitioner who attacks the legality of his confinement must have presented his claims in a procedurally correct manner to the Louisiana Supreme Court before raising those claims in federal court.

A review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Supreme Court writ judgments involving the plaintiff, and therefore, it is safe to conclude that he did not present the substance of his claims to Louisiana's highest court. Consequently, this complaint will not be construed as a petition for *habeas corpus* relief.

To the extent plaintiff has asserted a *habeas corpus* claim for the awarding of sentence credits, his claim will be dismissed from this § 1983 case, without prejudice. After plaintiff exhausts his state court remedies, and in the event he wishes to pursue a petition for habeas relief in this court, he may file such petition.

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Plaintiff may reassert his claim if and when he can meet the *Heck v. Humphrey* conditions.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 7th day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE